IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TONY TOLBERT, | ) Civil Action No.: 6:10-cv-2618-HFF-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
|  | ) **OF MAGISTRATE JUDGE** |
| CHARTER COMMUNICATION; ROBERT BRAMBLETT; KENNY PARKER; ANTHONY POPS; DONNA GROOTHEDDE; and KATHY CARRAWAY, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 21.] Plaintiff, who is proceeding *pro se*, has alleged that his employer discriminated against him because of a purported disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

On December 6, 2010, Defendants filed a motion to dismiss. By order of this court filed December 9, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to respond adequately. On December 29, 2010, Plaintiff filed his opposition to the motion.

## BACKGROUND

Plaintiff is seeking relief against his former employer and certain individually-named defendants, alleging that Defendants discriminated against him because of a purported disability in violation of the ADA. The only factual allegations Plaintiff asserts in his

Complaint are that (1) he believes his employer's actions are discriminatory because of his disability and (2) he will obtain documents from the Equal Employment Opportunity Commission ("EEOC").

Defendants filed a motion to dismiss, alleging that the Complaint fails to identify Plaintiff's claimed disability or the harm he alleges to have suffered. [Doc 21.] In the alternative, Defendants Robbie Bramblett, Kenny Parker, Anthony Pope, Donna Groothedde, and Kathy Carraway (the "Individual Defendants") moved to dismiss because the ADA does not provide for causes of action against defendants in their individual capacities.

Attached to Plaintiff's response to the motion is a multi-page exhibit which includes a letter from Charter Communications' Human Resources Director to Plaintiff's doctor seeking medical information related to Plaintiff's request for light duty. [Doc. 24-1 at 1-2.] In response to the Human Resource Director's request, the doctor indicated that Plaintiff had lower back pain and that his physical activity should be limited (e.g., no lifting, pushing, or pulling). [Doc. 24-1 at 4-5.] Additionally, Plaintiff attached documents related to his EEOC charge, including what appears to be an intake questionnaire, intake interview notes, the Charge of Discrimination, and the Dismissal and Notice of Rights. [Doc. 24-1 at 6-11.] The documents included in Plaintiff's multi-page exhibit provide additional information related to his allegations of disability discrimination, including that his purported disability involved an injury to and/or pain in Plaintiff's back [Doc. 24-1 at 4-5, 11] and that Defendants failed to provide Plaintiff with light duty work [Doc. 24-1 at 9, 11], refused to allow Plaintiff to work as a trainer [Doc. 24-1 at 11], and terminated Plaintiff's employment in December 2008 [Doc. 24-1 at 9,11].

**APPLICABLE LAW**

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

**DISCUSSION**

**The Motion to Dismiss as to All Defendants**

As stated above, Defendants first argue that Plaintiff's Complaint should be dismissed for failure to state a claim because it does not include Plaintiff's alleged disability

or the adverse employment action Defendants allegedly took against Plaintiff. However, in Plaintiff's response, he attached documents related to his EEOC charge indicating that his purported disability is an injury and/or pain in his back and that Defendants failed to provide Plaintiff with light duty work, refused to allow Plaintiff to work as a trainer, and ultimately terminated Plaintiff's employment in December 2008. [Doc. 24-1 at 9, 11.] Although Plaintiff failed to attach the EEOC information to his Complaint, his Complaint references documents from the EEOC [Doc. 1 at 5], and a court may consider documents outside of the complaint when the documents are "integral to and explicitly relied on in the complaint." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Having considered the EEOC documents Plaintiff referenced in his Complaint and later attached to his response in opposition to Defendants' motion to dismiss and having liberally construed Plaintiff's response, Defendants' motion to dismiss should be denied because Plaintiff does assert his alleged disability and the adverse employment action Defendants allegedly took against Plaintiff.

**The Motion to Dismiss as to the Individual Defendants**

In the alternative, the Individual Defendants moved to dismiss because the ADA does not provide for causes of action against defendants in their individual capacities. Although the Fourth Circuit has not expressly ruled on whether supervisors are liable in their individual capacities for ADA violations, the Fourth Circuit, in *Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999), held that an ADA retaliation claim could not go forward against individual defendants "[b]ecause Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions." *Id.* at 472. Additionally, district courts in the Fourth Circuit have found that individuals are not liable for violations of the ADA. *See Shiflett v. GE Fanuc Automation Corp.*, No. 95-0073-C, 1996 WL 481082, at *5 (W.D. Va. July 23, 1996) (holding that only employers, not individuals, can be liable under the ADA

and dismissing plaintiff's claims under the ADA against individual defendants); *Cortes v. McDonald's Corp.,* 955 F.Supp. 531, 536-38 (E.D.N.C.1996) (finding that an individual in a supervisory position may not be held personally liable as an "employer" under the ADA and dismissing plaintiff's ADA claim against an individual defendant); *Stephens v. Kay Mgmt. Co.,* 907 F.Supp. 169, 174 (E.D. Va.1995) (noting that the ADA defines employer to mean an employing entity, not an individual and holding that "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA in the making of employment decisions of a plainly delegable character").  Thus,  even taking the allegations of Plaintiff's Complaint as true and drawing all reasonable factual inferences from those allegations in Plaintiff's favor,  Plaintiff is not entitled to relief from the Individual Defendants.  Accordingly, the Individual Defendants should be dismissed from the action.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion to dismiss be denied as to all Defendants and that Defendants' motion to dismiss be GRANTED as to the Individual Defendants.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 17, 2011
Greenville, South Carolina