IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tony Tolbert, | Case No. 6:10-cv-02618-TMC-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| v. | |
| Charter Communication, Mr. Robert Bramblett, Mr. Kenny Parker, Mr. Anthony Pops, Miss Donna C. Groothedde, Miss Kathy Carraway, | |
| Defendants. | |

This matter is before the Court on a motion to compel discovery responses and for sanctions filed by Defendant Charter Communication ("Charter").[1] Charter moves to compel Plaintiff's compliance with his discovery obligations imposed by the Federal Rules of Civil Procedure as well as this Court's Order of December 6, 2011 [Doc. 66] requiring Plaintiff to provide complete responses to Charter's discovery requests. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on October 8, 2011, alleging Defendants discriminated against him due to his disability. [Doc. 1.] On December 1, 2011, Charter moved to

---

[1] By Order of the District Court filed April 7, 2011, this action was dismissed as to the individual defendants. [Doc. 39 (adopting Report and Recommendations recommending Defendants' motion to dismiss be granted as to the individual defendants).]

compel Plaintiff's responses to routine discovery requests relating to his allegations of discrimination and his disability. [Doc. 63.] Plaintiff opposed the motion to compel, arguing he sent Charter the medical records he could get for free and did not have money to pay for the additional requested medical records. [Doc. 64.]

On December 6, 2011, the Court granted Charter's motion to compel and advised Plaintiff that he filed the lawsuit and cannot now complain about the cost of litigating in an effort to avoid compliance with the discovery rules. [Doc. 66.] The Court granted Plaintiff fifteen days to respond to Charter's discovery requests. [*Id.*] On January 26, 2012, Charter filed a subsequent motion to compel, advising the Court Plaintiff had not complied with this Court's Order or with his discovery obligations under the Federal Rules of Civil Procedure and seeking an order compelling Plaintiff to respond and imposing sanctions. [Doc. 73.]

Because Plaintiff is proceeding pro se, the Court issued an Order to Show Cause, requiring Plaintiff to show cause why his continued failure to comply with his discovery obligations should not result in sanctions, including but not limited to the dismissal of this case. [Doc. 76.] The Court allowed Plaintiff until March 19, 2012 to file a response showing proof of compliance with the Court's Order of December 6, 2011. [*Id.*] Plaintiff has failed to file any response.

## APPLICABLE LAW

**Dismissal Under Rule 37**

Rule 37 of the Federal Rules of Civil Procedure defines the sanctions a court may levy on a party who refuses to cooperate in discovery. Under Rule 37(a), "a party may

2

move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Rule 37(b), a district court may impose sanctions, including dismissal of claims, for a party's failure to comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *see also Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976) (per curiam) (stating that the question on appeal is whether the district court abused its discretion by dismissing the action pursuant to Rule 37, "not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action"); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'" (quoting Fed. R. Civ. P. 37(b)(2))). "While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, '[i]t is not . . . a discretion without bounds or limits.'" *Hathcock*, 53 F.3d at 40 (quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir.1977)). With the sanction of dismissal, "the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Id.* (quoting *Wilson*, 561 F.2d at 503). Dismissal of a party's case for failure to comply with a court order or a discovery request "is a severe sanction which must be exercised with restraint, caution and discretion." *Zaczek v. Fauquier Cnty. Va.*, 764 F. Supp 1071, 1077 (E.D. Va. 1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1992); *see Wilson*, 561 F.2d at 499–516. A court must consider four factors to determine whether the

offending party's conduct demonstrates such a pattern and disrespect for the court. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. Specifically, a court must consider:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson*, 561 F.2d at 503–06).

In addition, the Fourth Circuit has emphasized the significance of providing a party with a clear warning regarding the possibility of dismissal before entering such a sanction. *Hathcock*, 53 F.3d at 40. While a district court may dismiss a party's case for noncompliance with the court's discovery order where the party's action constitutes "'flagrant bad faith'" and "'callous disregard'" of his responsibilities, *Nat'l Hockey League*, 427 U.S. at 643, the Fourth Circuit has held the dismissal power should be exercised only when the record clearly reflects delay or contumacious conduct by the plaintiff, *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

**Dismissal Under Rule 41**

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b); *see also Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)) ("Federal courts possess

4

an inherent authority to dismiss cases with prejudice *sua sponte*."). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning).

Although a pro se litigant is not held to the same high standards as an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96; *see also Dancy v. Univ. of N.C. at Charlotte*, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard*, 882 F.2d at 96)); *Pack v. S.C. Wildlife & Marine Res. Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) ("A pro se litigant . . . must meet certain standards.  Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." (internal citations omitted)). Accordingly, pro se litigants are also subject to the provisions of Rule 41.

**DISCUSSION**

The standards for dismissal under Rule 37(b)(2) and Rule 41(b) are "virtually the same." *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision). Accordingly, to determine whether this action should be dismissed for Plaintiff's failure to comply with discovery requests and the Court's orders, the Court must consider (1) whether Plaintiff acted in bad faith; (2) the amount of prejudice Plaintiff's noncompliance caused Defendants; (3) the need for deterrence of the sort of noncompliance exhibited by Plaintiff; (4) the effectiveness of less drastic sanctions; and (5) whether Plaintiff has a history of deliberately proceeding in a dilatory fashion. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Chandler Leasing Corp.*, 669 F.2d at 920.

**Whether Plaintiff Acted in Bad Faith**

The record in this matter reflects Plaintiff has acted in bad faith. First, Plaintiff has failed to comply with more than one order of the Court. Further, Plaintiff has failed to comply with Defendant's discovery requests. Plaintiff clearly has made no attempt to either respond or object to Plaintiff's written discovery requests. Plaintiff's failure to even attempt to obtain and produce the requested documents is inexcusable and could subject Plaintiff's case to dismissal. *See Whatley v. S.C. Dep't of Pub. Safety*, No. 3:05-42, 2007 WL 120848, at *12–13 (D.S.C. Jan. 10, 2007) (concurring with the magistrate judge's recommendation that the plaintiff's rationale for failing to provide the requested discovery was "implausible"); *see also Berry v. S.C. Dep't of Soc. Servs.*, 1997 WL 499950, at *6 (4th Cir. Aug. 25, 1997) (finding that a party's failure to follow a court's order to comply with discovery was a factor in dismissing the party's case).

6

Plaintiff has shown a pattern of indifference and disrespect for orders of the Court and the Federal Rules on Civil Procedure by failing to provide answers, or responses, which "must be treated as a failure to disclose, answer, or respond," Fed. R. Civ. P. 37(a)(4).  The Court has given Plaintiff ample opportunity to comply and has provided notice that the Court would not only entertain a motion for sanctions but would also grant dismissal if Plaintiff did not comply with the Court's orders directing compliance.  Instead of complying with the Court's orders, Plaintiff has chosen not to respond.

**Amount of Prejudice Caused to Defendants**

Defendant has sought to obtain discovery regarding, for example, Plaintiff's employment, self employment, and medical records.  [Doc. 63-1.] While it is true that "the district court's desire to enforce its discovery orders is confronted head-on by the [noncomplying] party's rights to a trial by jury and a fair day in court," *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–04), the Court finds Plaintiff's failure to provide Defendants with the requested information—after repeated requests from opposing counsel and orders of the Court compelling disclosure—prevented Defendants from obtaining relevant, discoverable information and prejudiced Defendants' ability to prepare their case for trial.  Consequently, Plaintiff's  failure to comply with Defendant's discovery requests and the Court's orders has materially prejudiced Defendants' defense of this lawsuit.

**Need for Deterrence**

The need for deterrence of conduct like Plaintiff's is significant.  Any litigant's disregard for court orders that require disclosure of information directly related to claims

and damages is behavior that must be deterred. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (upholding the district court's finding that similar tactics "must obviously be deterred"). As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id.* at 92 (citing *Nat'l Hockey League*, 427 U.S. at 643; *Wilson*, 561 F.2d at 504). Plaintiff has demonstrated an unwillingness to conform to the Federal Rules and to abide by the orders of the Court. Without exercising the power to dismiss under such circumstances, judicial resources are wasted, judicial authority becomes worthless, and litigants are forced endure unreasonable delay and partial responses to discovery. Therefore, there is a need for deterring conduct like Plaintiff's by exercising the Court's discretion to dismiss Plaintiff's action.

**Availability of Lesser Sanctions**

Lesser sanctions are available, *see* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii), but would likely be ineffective. Moreover, the Fourth Circuit has recognized lesser sanctions can include any court orders that clearly warn of punishment for noncompliance. *See Anderson v. Foundation for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). The Fourth Circuit has also held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95–96.

Here, Defendant's motion to compel, the Court's Order compelling Plaintiff to comply, Defendants' subsequent motion to compel and for sanctions, and the Court's

Order to Show Cause, warning Plaintiff of the likelihood of dismissal, have not motivated Plaintiff to comply with Defendant's discovery requests. Because Plaintiff's bad faith failure to cooperate in discovery has been prejudicial to Defendants and has been in the face of Court warnings of severe sanctions, dismissal is the appropriate recourse. The previous warnings of the Court have afforded Plaintiff ample opportunity to correct his behavior and preserve his right to bring suit. Accordingly, any sanction other than dismissal would fail to cure Plaintiff's determined obdurateness and impede the administration of justice.

**Whether Plaintiff Has a History of Proceeding in Dilatory Fashion**

The conduct displayed by Plaintiff, as described above, establishes Plaintiff has a history of proceeding in a dilatory fashion. *See Huertas v. City of Philadelphia*, No. 05-1642, 2005 WL 1669754, at *2 (3d Cir. July 19, 2005) (finding that the plaintiff's continued refusal to attend his deposition established a pattern of dilatory conduct). Plaintiff has failed to comply with Defendant's discovery requests despite Defendant's attempts to obtain the requested discovery and the Court's orders compelling discovery and warning of the possibility of dismissal of this action if Plaintiff failed to comply. Consequently, the record in this action establishes Plaintiff has a history of proceeding in a dilatory fashion.

## CONCLUSION AND RECOMMENDATION

In light of Plaintiff's continuous and flagrant disregard of discovery requests and the authority of this Court as set forth above, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, the Court recommends this case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 22, 2012
Greenville, South Carolina